# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Anabal Ortiz, | No. CV 09-0396-PHX-MHM (JRI) |
| Plaintiff, | **ORDER** |
| vs. |  |
| Todd Thomas, et al., |  |
| Defendants. |  |

Plaintiff Anabal Ortiz brought this civil rights action under 42 U.S.C. § 1983 against various employees of the Corrections Corporation of America (CCA). (Doc. #1.) Plaintiff moved for a Preliminary Injunction and Temporary Restraining Order (TRO), which the Court denied. (Doc. ##15, 24.) Plaintiff now moves for a provisional remedy and reconsideration of the denial of the Preliminary Injunction and Temporary Restraining Order.[1] (Doc. #35.)

The Court will deny Plaintiff's motion for a provisional remedy and reconsideration.

## I. Background

In his Second Amended Complaint, Plaintiff raised three Counts: in Count I, he alleged the use of excessive force in April 2008; in Count II, he alleged denial of medical care for the assault; and in Count III, he appears to have alleged denial of due process in

---

[1] Plaintiff's motion is entitled "Motion for Consent, for an Extension/Continuance; Order for Provisional Remedy; A Rehearing/Reconsideration; Enter a Declaration." (Doc. #35.) The Magistrate Judge has issued an Order addressing all issues except for the provisional remedy and reconsideration. (Doc. #37.)

connection with disciplinary proceedings. The Court dismissed one Defendant and directed the others to answer the Second Amended Complaint. (Doc. #31.)

Prior to filing the Second Amended Complaint, Plaintiff sought a TRO and preliminary injunction against "unsafe and extremely harsh conditions," the pattern of officials' brutality and harassment, inadequate medical care, and the continuing violation of any of his rights. (Doc. #15 at 3.) He alleged that Defendants subjected him to unsafe and harsh conditions by not supplying him with basic hygiene and toiletries, denying him recreational time, threatening to tamper with his food, placing the light switch outside his cell, and exposing him to sewage fumes. (Doc. #15 at 3.) He asserted that he had not received medical treatment for his injuries and has been denied all forms of access to the courts. (Id. at 4.) In his separate declaration, Plaintiff claimed that he has been retaliated against for being a witness in lawsuits filed by other inmates. (Doc. #16.)

The Court denied Plaintiff's request for a TRO and Preliminary Injunction because, among other reasons, he failed to establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Def. Council, Inc., 129 S. Ct. 365, 374 (2008); Am. Trucking Ass'n v. City of Los Angeles, 554 F.3d 1046, 1052 (9th Cir. 2009). (Doc. #24.)

## II. Preliminary Injunction and Reconsideration

To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 129 S. Ct. at 374. The moving party has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah

County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

In his motion, Plaintiff generally complains that prison officials are not cooperating in the copying of service packets, which he claims is retaliation that denies him access to the court. Plaintiff asks for a 20- to 30-day continuance to return service packets, which the Magistrate Judge has granted in his Order. (Doc. #35 ¶¶ 2-3, Doc. #37.) Plaintiff also asks for a "an 'Order,' which will provide a provisional remedy to the present matter that is shown to be a continual problem of reprisal by the defendants, whom (sic) chose to snowball themselves with additional violations of Plaintiff's rights." (Doc. #35 ¶ 4.) As to reconsideration, he alleges that "with the aforesaid; it would only be right for the Plaintiff to request the court to 'Rehear/Reconsider' its ruling" on his motion for a Preliminary Injunction and Temporary Restraining Order. (Id. ¶ 5.)

Other than the denial of copies necessary to prepare the service packet, Plaintiff offers no facts in support of his motion for an unspecified provisional order; the Order of the Magistrate Judge has granted Plaintiff an extension of time to complete the service packets. Plaintiff has not demonstrated "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See Winter, 129 S. Ct. at 374, Nor has he demonstrated any grounds for reconsideration of the Court's previous denial of a Preliminary Injunction and TRO. See School Dist. No. 1J, Multnomah County, 5 F.3d at 1263. Plaintiff is advised that his lawsuit is not grounds for this Court to intervene in every conflict between Plaintiff and prison officials.

///
///
///
///
///

1     **IT IS ORDERED that** the reference to the Magistrate Judge is withdrawn as to
2 Plaintiff's Motion for a Provisional Remedy and Rehearing/Reconsideration (contained in
3 Doc. #35), and the motion is **denied**.

4     DATED this 15th day of March, 2010.

_____
Mary H. Murguia
United States District Judge