# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **Anibal Ortiz,**<br>Plaintiff<br>-vs-<br>**Todd Thomas, et al.,**<br>Defendants | CV-09-0396-PHX-JWS (JRI)<br><br>**REPORT & RECOMMENDATION** |

**Background** - Service on Defendant Maccri was returned unexecuted on July 22, 2010 (Doc. 65). Appearing defendants were ordered to produce a last known address for Maccri. (Order 7/28/10, Doc. 68.) That information was provided (Doc. 69), and service was returned unexecuted on October 29, 2010 (Doc. 76). Plaintiff was ordered to show cause why Maccri should not be dismissed. (Order 12/2/10, Doc. 78.) Plaintiff responded (Docs. 86, 87), pointing out that the service attempt failed to include an attempt at personal service, so personal service was again ordered, and the time for service extended until March 5, 2011. (Order 2/3/11, Doc. 91.) A return of service unexecuted was again filed on February 16, 2011 (Doc. 92), indicating that Defendant Maccri does not reside at the address provided. Because Plaintiff had taken no further action to complete service, on March 17, 2011, Plaintiff was ordered (Doc. 98) to show cause why Defendant Maccri should not be dismissed for failure to effect service.

On April 8, 2011, Plaintiff responded (Doc. 99) arguing that: (1) he did not receive a return of service unexecuted from the U.S. Marshals Service; (2) he should be entitled to proceed by service by leaving the summons at Maccri's dwelling or delivery to an agent; (3) Defendant Maccri has had prior notice of his claims during a meeting; (4) because Plaintiff is appearing *in forma pauperis*, the U.S. Marshals Service has a duty to effect service, and

should be directed to investigate Defendant's whereabouts; (5) Plaintiff has diligently pursued service. Plaintiff requests an extension of time for service and an order to the Arizona Attorney General's office to provide an address for Defendant Landreth.

**Dismissal for Failure to Serve** - Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later." Under the foregoing rules, service of Plaintiff's First Amended Complaint should have been completed by September 20, 2010.

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

**No Good Cause** - Apart from Plaintiff's general obligation to abide by the applicable rules, Plaintiff was put on notice in the Court's original screening order of his obligations with regard to timely service:

> If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(Order 3/27/09, Doc. 4 at 8.) Plaintiff's purported "cause" to avoid dismissal is unavailing.

The undersigned assumes *arguendo* Plaintiff indeed did not receive a copy of the return of service unexecuted from the U.S. Marshals Service filed March 14, 2011 (Doc. 97). If Plaintiff had any viable alternative for pursuing service, the undersigned might be inclined to deem this a reason to further extend the time of service. As discussed hereinafter, Plaintiff proposes no viable alternative.

Plaintiff proposes he should be entitled to proceed by service by leaving the summons at Maccri's dwelling or delivery to an agent. However, Maccri's dwelling is unknown, as established by the latest return of service, and Plaintiff does not suggest who might have been authorized by Defendant Maccri as an agent to accept service.

Plaintiff argues that Defendant Maccri has had prior notice of his claims during a meeting. That does not suffice for service of a summons from the Court to respond to a complaint.

Plaintiff argues that because is appearing *in forma pauperis*, the U.S. Marshals Service has a duty to effect service, and should be directed to investigate Defendant's whereabouts. "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." *Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990).

Here, Plaintiff has not provided "the necessary information to help effectuate service." Rather, the address provided to the U.S. Marshals Service under seal was apparently outdated. Plaintiff suggests that Defendants should be again directed to provide an address for service. Plaintiff proffers no reason to believe that a better address will be available. Moreover, Plaintiff makes no indication that he has, in the interim, undertaken any independent efforts to locate Defendant Maccri. Plaintiff assets Defendant has "transferred over to the state penitentiary for a position as an official." (Doc. 99 at 2.) Plaintiff does not show that he has independently attempted to pursue obtaining an address for service on Defendant Maccri through the Arizona Department of Corrections, nor even attempted to determined whether he is employed there. While "incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)

1. Thus, contrary to Plaintiff's assertions that he has diligently pursued service, the record reflects that Plaintiff has sat idly by, ignoring the status of his service of Defendant Maccri until faced with an order to show cause threatening dismissal of this defendant, looking to the Court and the Marshals Service to accomplish service without effort on his own behalf.

Under these circumstances, Plaintiff has failed to show good cause for an extension of time to effect service or for the issuance of a subpoena to facilitate such service.

**IT IS THEREFORE RECOMMENDED** that Defendant Maccri be **DISMISSED** for failure to effect timely service.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: April 20, 2011

                                                JAY R. IRWIN
                                                United States Magistrate Judge