UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ANIBAL ORTIZ, | ) |
| Plaintiff, | ) 2:09-cv-00396 JWS |
| vs. | ) ORDER AND OPINION |
| DONNA BURNIAS, *et al.*, | ) [Re: Motion at Docket 169] |
| Defendants. | ) |

## I.  MOTION PRESENTED

At docket 169, pro se plaintiff Anibal Ortiz ("plaintiff") moves for a bench warrant and for appointment of counsel.  The court interprets the filing as a response to the court's order to show cause why plaintiff should not participate in his consolidated trial remotely and a request for issuance of a writ of habeas corpus ad testificandum. Defendants Donna Burnias, *et al.* ("defendants") oppose the motion at docket 177.  Oral argument would not assist the court.

## II.  BACKGROUND

Plaintiff is a prisoner of the State of Hawaii, incarcerated at the Saguaro Correctional Center in Eloy, Arizona, pursuant to an agreement between the Corrections Corporation of America and the Hawaii Department of Public Safety. Plaintiff is housed in administrative segregation.

Plaintiff has filed two separate lawsuits, each pursuant to 42 U.S.C. § 1983, alleging a variety of civil rights violations. A consolidated trial will begin on October 22, 2012.

### III. DISCUSSION

In the order at docket 157, the court ordered plaintiff to show cause why his participation in the consolidated trial should not be limited to telephonic participation because he is incarcerated and subject to enhanced security measures.

"Although due process prohibits the denial of access to the courts, a prisoner does not have a constitutional right to attend the jury trial of his civil rights claims involving the conditions of his confinement."[1] Plaintiff argues that the fairness of his trial will be compromised if he is not in attendance. However, he also recognizes that "countervailing considerations of expense, security, logistics, and docket control . . . prevent according prisoners any absolute right to be present."[2]

The Fifth and Seventh Circuits have outlined factors for a district court to consider when determining whether to exercise its discretion to issue a writ of habeas corpus ad testificandum to secure a prisoner's presence at trial.[3] The Fifth Circuit has stated that a

> district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.[4]

---

[1] *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005). *See also Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) ("A plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally.").

[2] *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 111–112 (4th Cir. 1988).

[3] *Ballard v. Spradley*, 557 F.2d 476, 480–81 (5th Cir. 1977); *Stone v. Morris*, 546 F.2d 730, 735–36 (7th Cir. 1976).

[4] *Ballard*, 557 F.2d at 480.

The Seventh Circuit has listed similar factors but, unlike the Fifth Circuit, permits a district court to consider the probability of the incarcerated plaintiff's success on the merits.[5]

Here, the controlling factors are the security risks presented by the prisoner's presence and the associated costs of transportation and safekeeping. Because plaintiff is an administrative segregation inmate, he must remain in full restraints at all times. During trial, three officers must be present in the courtroom, and two of them must remain within arm's length of the plaintiff while he is testifying. Moreover, plaintiff may not be in the same holding cell as other inmates in courthouse holding cells. The additional security risk that plaintiff poses, coupled with the measures that must be taken to minimize that risk and the associated costs weigh determinatively against issuance of a writ of habeas corpus ad testificandum. The court also notes that participation by telephone or videoconference would lessen the risk that the jury would be prejudiced or misled by in-court indications of plaintiff's high security status. Finally, plaintiff's presence would not substantially further resolution of the case insofar as it appears that he is his only witness, and his testimony can be adequately presented via electronic means.

Because those factors are controlling, the court need not consider the merits of plaintiff's claims or whether it is even appropriate to consider the merits of plaintiff's claims.

**B. Plaintiff's Request for Counsel**

Plaintiff has again requested that the court appoint counsel.[6] This is plaintiff's fourth request. For the reasons set out in the orders at dockets 8, 20, and 149, plaintiff is not entitled to appointment of counsel.

---

[5] *Stone*, 546 F.2d at 735–36.

[6] Doc. 169 at 2.

## IV. CONCLUSION

For the reasons above, plaintiff's motion for a bench warrant, construed as a request for a writ of habeas corpus ad testificandum, is **DENIED**. Plaintiff's request for appointment of counsel is **DENIED**.

DATED this 7th day of August 2012.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE